**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
CARLOS HURTADO and ANDREW MELENDEZ,

                                    Plaintiff(s),                **VERIFIED COMPLAINT**

               -against-

                                                        **CV 16 - 4883**

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, (the names and numbers of whom         **DeARCY HALL, J.**
are unknown at present) and other unidentified members
of the New York City Police Department both          **LEVY, M.J.**
Individually and in their official capacities, "JOHN DOE"
(which name is fictitious as it is unknown to Plaintiff)
and "JANE DOE"  (which name is fictitious as it is unknown to
Plaintiff),

                                    Defendant(s),
-------------------------------------------------------------------X

                    **PRELIMINARY STATEMENT**

1.      This is an action to recover money damages arising out of Defendant's

violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983,

and of its rights secured by the Fourth and Fourteenth Amendments to the United States

Constitution, and the laws of the State of New York.

2.      Plaintiffs Carlos Hurtado and Andrew Melendez were subject to, *inter*

*alia*, assault, battery and excessive force by the same group of unidentified individuals,

one of whom (hereinafter at all times John Doe "Cop"), stated he was a police officer.

Plaintiff Andrew Melendez was also subject to anti-homosexual threats by the same

unidentified individuals and John Doe "Cop".  As a result of Defendant's conduct

individually and severally, Plaintiffs Hurtado and Melendez, jointly and/or severally

suffered damages for which the instant action seeks to remedy.

## JURISDICTION

3.      This action is brought pursuant to 42 U.S.C. §§1983, 1985 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

4.      Plaintiffs further invoke this Courts Supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

5.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391, (a), (b) and (c) and §1402 (b) because the claims arose in the districts and plaintiffs reside in the district.

## PARTIES

6.      Plaintiff Hurtado is and was, at all relevant times, a resident of the County of Queens, State of New York.

7.      Plaintiff Melendez is and was, at all relevant times, a resident of the County of Bronx, State of New York.

8.      Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City of New York assumes the risks incidental to the maintenance of its police force and the employment of police officers as said risks attach to the public consumers of the services provided by New York City Police Department.

Defendant City of New York was at all times relevant times herein the public employer of defendant John Doe "Cop".

9.     Upon information and belief, Defendant New York City Police Department's Officer John Doe "Cop" was at all times relevant herein a duly appointed officer, employee and agent of Defendant New York City Police Department. The individual Defendants are being sued in their individual capacities as well.

10.     On or about September 14, 2013, the individual Defendant John Doe "Cop" was acting under authority of state law in the course and/or scope of his duties and functions as an agent, servant, employee and officer of Defendant New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties.

11.     The individual Defendant John Doe "Cop" was acting for and on behalf of New York City Police Department at all times relevant herein, with the power and authority vested in himself as an officer, agent, and employee of Defendant New York City Police Department and incidental to the lawful pursuit of his duties as an officer, employee and agent of Defendant New York City Police Department.

## NOTICE OF CLAIM

12.     Prior to the commencement of this action, Plaintiffs duly complied with all the conditions to bringing this action and, in particular, on or about October 3, 2013, within 90 days of the occurrence of this incident and more than 30 days prior to the commencement of this actions, Plaintiffs filed written Notice of Claim against Defendants for adjustment of damages with the New York City Police Department. This matter has not been settled or otherwise disposed of.

13.     Prior to commencement of this action, a statutory hearing pursuant to a Section 50-h of the General Municipal Law was held on or about December 5, 2013 and

for more than 30 days before the commencement of this action, Defendants neglected and refused to make an adjustment of payment of the claim and claims remain unjust, although duly demanded.

## STATEMENT OF FACT

14.     On or about September 14, 2013, at approximately 3:00 a.m., Plaintiffs Hurtado and Melendez were lawfully at the premises of Tonic Bar East located at 411 3rd Avenue, New York, New York 10016.

15.     Upon information and belief, John Doe "Cop" and un-apprehended others were attending the venue that evening for leisure purposes.

16.      Approximately fifteen minutes prior to closing, Plaintiffs Hurtado and Melendez were confronted by Defendant John Doe "Cop" and un-apprehended others and were subject to pushing, shoving and anti-gay slurs while inside the Tonic Bar East.

17.     Plaintiffs Hurtado and Melendez then left the bar and were both confronted in front of said bar by Defendant John Doe "Cop" and unidentified others, who were acting in concert, subjecting Plaintiffs Hurtado and Melendez to verbal abuse anti-gay slurs, assault and battery.

18.     Plaintiff Hurtado seeing Plaintiff Melendez being attacked by unidentified others of the group attempted to aid Plaintiff Melendez.

19.     Simultaneously, Plaintiff Hurtado was then confronted by Defendant John Doe "Cop" who identified himself as a "Cop" before he punched Plaintiff Hurtado with his fist with such force breaking Plaintiff Hurtado's jaw.

20.     Plaintiff Melendez endured anti-gay slurs, bumps, bruises and scratches about his body before both Plaintiffs were able to leave the above scene and head to Jacobi Hospital for treatment.

21.     Plaintiff Hurtado was sent from Jacobi Hospital to Westchester Hospital where Plaintiff Hurtado had open reduction internal fixation surgery of his jaw due to the punch he received from John Doe "Cop".

22.     While at the hospital, two New York City police officers interviewed both Plaintiffs and when it was revealed that one of the unknown individuals may be a New York City police officer, an Internal Affairs investigation was opened and assigned Complaint Number 2013-13-7386.

23.     Pursuant to the Internal Affairs Bureau (hereinafter at all times IAB) investigation a video was retrieved from Tonic Bar East's security cameras, which clearly shows the Defendant John Doe "Cop" flashing a badge to Tonic Bar East's security guard right after the above assault then leaving said area violating police protocol and Plaintiffs civil rights.

24.     The face of Defendant John Doe "Cop" is clearly visible, along with his hair, weight and height to the naked eye, yet no arrest has been made to date by Defendant New York City Police Department.

25.     Plaintiff Hurtado was shown said video by IAB Detectives wherein Plaintiff Hurtado identified Defendant John Doe "Cop"as his assailant "Cop".

26.     Plaintiffs Hurtado and Melendez were interviewed by IAB Detectives and were told the investigation was ongoing back in October of 2013.

27.     Your affiant on numerous occasions periodically called IAB to inquire as to the investigation, only to be told the case was re-assigned to a new detective, no less than five times.

28.     Your affiant feeling this case was not being investigated requested through Freedom of Information Law (FOIL), the video tape of said Defendant John Doe "Cop".

New York City Legal Bureau repeatedly denied access to any portion of the video and file.

29.     On October 29, 2014, a Court Ordered Stipulation was signed requiring IAB to turn over said video to your affiant. This Stipulation was entered into after your affiant was informed by IAB Detectives that the above criminal investigation was closed, stating that IAB conducted an investigation and no identification could be made as to the assailants and Defendant John Doe "Cop".

30.     After being informed the investigation was closed, your affiant requested pursuant to Freedom of Information Law (FOIL), the IAB file pertaining to the investigation on numerous occasions only to be denied repeatedly with no further explanation.

31.     Given the lack of cooperation on the part of Defendants The City of New York, New York City Police Department, and IAB, the clear video and still photo of Defendant John Doe "Cop", it is apparent that a true comprehensive investigation was not conducted on the behalf of both Plaintiffs violating their respective civil rights and due process of law.

## FIRST CAUSE OF ACTION
### (FOURTH AND FOURTEENTH AMENDMENT RIGHTS VIOLATION)

32.     Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

33.     Defendants, who were acting in concert and within the scope of their authority, unlawfully surrounded and detained Plaintiffs Hurtado and Melendez without reasonable suspicion or probable cause in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United

States and to be free of a deprivation of liberty under the Fourteenth Amendment to the

Constitution of the United States.

34.     Plaintiffs were damaged as a result of the Defendant's conduct.

## SECOND CASUE OF ACTION
(ASSAULT - State Law)

35.     Plaintiffs repeat, reiterate and reallege each and every allegation with the

same force and effect as if more fully set forth at length herein.

36.     Upon approaching Plaintiffs Hurtado and Melendez, Defendants and John

Doe "Cop", who were acting in concert and within the scope of their authority,

unlawfully assaulted Plaintiffs Hurtado and Melendez and made Plaintiffs fear for their

physical well-being and safety, and placed them in apprehension of immediate harmful

and/or offensive touching.

37.     Plaintiffs were damaged by the assault committed by the Defendants.

## THIRD CAUSE OF ACTION
(ASSAULT – 42 U.S.C. SECTION 1983)

38.     Plaintiffs repeat, reiterate and reallege each and every allegation with the

same force and effect as if more fully set forth at length herein.

39.     Upon approaching Plaintiffs Hurtado and Melendez, Defendants made

Plaintiffs Hurtado and Melendez fear for their physical well-being and safety and placed

them in apprehension of immediate harmful and/or offensive touching.

40.     Defendants have deprived Plaintiffs Hurtado and Melendez of their civil,

constitutional and statutory rights and have conspired to deprive them of such rights and

are liable to Plaintiffs under 42 U.S.C. Section 1983 and 1985.

41.     Plaintiffs were damaged by the assault of Defendants.

## FOURTH CAUSE OF ACTION
(BATTERY – State Law)

42.     Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

43.     Defendants, their agents, servants, and employees, acting within scope of their employment, intentionally, willfully, and maliciously battered Plaintiffs Hurtado and Melendez with the intention of causing harmful and/or offensive bodily contact to Plaintiffs caused such battery.

44.     Plaintiffs were damaged by the battery of the Defendants.

## FIFTH CAUSE OF ACTION
(BATTERY - 42 U.S.C. Section 1983)

45.     Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

46.     Defendants, their agents, servants, and employees, acting within scope of their employment, intentionally, willfully, and maliciously and unnecessarily battered Plaintiffs Hurtado and Melendez with the intention of causing harmful and/or offensive bodily contact to Plaintiffs caused such battery.

47.     Plaintiffs were damaged by the battery of the Defendants.

## SIXTH CAUSE OF ACTION
(FOURTH AMEDMENT EXCESSIVE FORCE VIOLATION)

48.     Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

49.     Defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously subjected Plaintiffs Hurtado and Melendez to excessive force when they, in a hostile and/or offensive manner caused the Plaintiffs Hurtado and Melendez to be repeatedly battered and struck without any

provocation, cause or resistance from Plaintiff's with the intention of causing harmful and/or offensive bodily injury tot Plaintiffs and caused injury in violation of their rights to be free off an unreasonable search and seizure under the Fourth Amendment to the Constitution of the United States.

50.     Plaintiffs were damaged by the excessive force of the Defendants.

## SEVENTH CAUSE OF ACTION
### (MUNICIPAL LIABILITY)

51.     Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

52.     Defendants, City of New York and New York City Police Department caused the constitutional violations suffered by Plaintiffs Hurtado and Melendez, and is liable for the damages suffered by Plaintiffs as a result of the conduct of its employees, agents and servants.  The conduct of the Defendant officers was a direct consequence of policies and practices of Defendants City of New York and New York City Police Department.

53.     At all times relevant to this complaint, Defendants City of New York acting through Defendant New York City Police Department, had in effect policies, practices and customs that condoned and fostered the unconstitutional conduct of the individual Defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

54.     At all times relevant to this complaint, Defendant City of New York, acting through the Defendant New York City Police Department and through the individual Defendants, had policies, practices, customs and usages of engaging in the unreasonable search and seizure of persons, unreasonable search and seizure of property, false arrest, false imprisonment, excessive force, assault and battery.

55.   Upon information and belief, Defendants City of New York and New York City Police Department, planned and implemented a policy, practice, custom and usage of engaging in the unconstitutional conduct of unreasonable search and seizure of persons, unreasonable search and seizure of property, false arrest, false imprisonment, excessive force, assault and battery.

56.   Therefore, the Defendants City of New York and New York City Police Department, policies, practices, customs and usages were a direct and proximate cause of the unconstitutional conduct alleged herein by Plaintiffs.

57.   Defendants City of New York and New York City Police Department knew or should have known of its employees, agents or servants propensity to engage in illegal and wrongful acts detailed above.

58.   Upon information and belief, Defendants City of New York and New York City police officers have in the past engaged in unlawful and unconstitutional conduct.

59.   Defendants City of New York and New York City Police Department, have failed to take the steps to discipline, train, supervise, or otherwise correct the improper, illegal conduct of the Defendants in this and in similar cases involving misconduct.

60.   Defendants City of New York and New York City Police Department and IAB have failed to adequately investigate the above and refused to cooperate with affiant to conduct his own investigation as to the above occurrences, by not turning over IAB's files to a closed investigation violating Plaintiffs due process rights.

61.   Defendant City of New York has damaged Plaintiffs by its failure to properly supervise, hire, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving misconduct.

62.   As a result of the wrongful acts of Defendants City of New York and New York City Police Department, Plaintiffs have been damaged.

## TENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

63.   Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

64.   Defendants conduct, described above, exceeds all reasonable bounds of decency.

65.   Defendants conduct was intended to, and did cause severe emotional distress to Plaintiffs Hurtado and Melendez.

66.   Defendants conduct was the direct and proximate cause of injury and damage to Plainitffs Hurtado and Melendez and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

67.   As a result, Plaintiffs were deprived of his liberty and subject to serious physical and emotional pain and suffering and was otherwise damaged and injured.

## ELEVENTH CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

68.   Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

69.   Defendants conduct, in assaulting Plaintiffs Hurtado and Melendez was careless, negligent and/or reckless as to the emotional health of Plaintiffs and caused severe emotional distress to both Plaintiffs.

70.   Defendants conduct was the direct and proximate cause of injury and damage to the Plaintiffs Hurtado and Melendez and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

71.   As a result, Plaintiffs were deprived of their liberty and subject to serious physical and emotional pain and suffering and was otherwise damaged and injured.

## TWELFTH CAUSE OF ACTION
### (RESPONDENT SUPERIOR LIABILITY OF THE COUNTY OF NEW YORK FOR STATE LAW VIOLATIONS)

72.   Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

73.   The conduct of Defendants New York City Police Department, John Doe "Cop" and Members of IAB during the course and scope of their duties and functions as New York City Police Officers and while acting as agents, officers, servants and employees of Defendant City of New York.  As a result Defendant City of New York is liable to Plaintiff pursuant to the state common law doctrine of respondent superior.

74.   Plaintiffs were damaged as a result of the Defendants conduct.

## JURY DEMAND

75.   Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for the following relief jointly and severally against all Defendants:

A.   Compensatory damages in the amount to be determined by a jury, including but not limited to economic and emotional damages;

B.   Punitive damages in an amount to be determined by a jury;

C.   Injunctive relief;

D.   Costs, interest and attorney's fees;

E.   Such other and further relief as the Court shall deem just and proper.

Dated:       Bayside, New York
             August 31, 2016


                                    Yours truly,

                        By:         _____
                                    JAMES V. MATTONE, ESQ.
                                    THE LAW OFFICE OF
                                    JAMES V. MATTONE, PLLC.,
                                    Attorney's for Plaintiffs
                                    50-27 215 Street
                                    Bayside, New York 11364

## ATTORNEY VERIFICATION

STATE OF NEW YORK)
               ) SS:
COUNTY OF QUEENS )

       I, the undersigned attorney admitted to practice in the Courts of the State of New York State, states that I am James Mattone Esq., of the LAW OFFICE OF JAMES V. MATTONE, PLLC, Attorneys At law, the attorneys of record for the Plaintiffs in the within action; I have read the following SUMMONS AND VERIFIED COMPLAINT, in the within action and know the contents thereof; the same is true to my own knowledge, except to those matters therein alleged to be on information and belief, and to those matter I believe it to be true.

       The reason this verification is made by me and not the plaintiff is that the plaintiff resides outside the County where deponent maintains his office.

       The grounds of my belief as to all matters not stated upon my knowledge are as follows:

       Investigation of facts and file.

Dated: Bayside, New York
       August 31, 2016

                                  James V. Mattone, Esq.